UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GERARD LANDRY,                    )
                                  )
    Plaintiff             )
                                  )
v.                                )  1:12-cv-00016-JAW
                                  )
PATRICIA BARNHART, et al.,        )
                                  )
    Defendants            )

**RECOMMENDED DECISION ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
(DOC. NO. 7)**

Gerald Landry, through counsel, has sued the Commissioner of the Maine State Department of Corrections, the Warden of the Maine State Prison, and a unit manager at the prison, pursuant to 42 U.S.C. § 1983 and the Maine Civil Rights Act, 5 M.R.S. § 4682. Landry alleges that his rights were violated when he was violently assaulted by another inmate who used a padlock to effectuate the assault. According to Landry, the defendants promulgated policies and procedures that created a dangerous situation regarding the use of padlocks as weapons by prison inmates. The defendants have moved for summary judgment (Doc. No. 7) claiming that Landry failed to exhaust available prison grievance procedures before filing his lawsuit. Landry has filed no opposition to the motion. Accordingly, I recommend that the Court deem the following material facts admitted and grant the defendants' motion as to the § 1983 claim and dismiss the remaining state law claim without prejudice.

**Undisputed Material Facts**

Gerard Landry is an incarcerated prisoner. (Compl. ¶ 3.) Landry was violently assaulted by another inmate at the Maine State Prison on September 6, 2011. (Id. ¶ 8.) The assailant used

a padlock in assaulting Landry. (Id. ¶ 9. Prior to this assault, several other inmates had been assaulted by inmates wielding padlocks. (Id. ¶ 11.) Defendant prison officials were aware that padlocks were used as weapons in prisoner-on-prisoner assaults but continued to allow prisoners to possess padlocks and continued to distribute padlocks to prisoners. (Id. ¶ 12.) Landry expressed fear for his personal safety to the defendants prior to the assault. (Id. ¶ 13.)

The Maine Department of Corrections has in place a grievance policy (Policy 29.1) that covers, among other things, prisoner grievances having to do with claims of failing to protect an inmate from assault. (Aff. of Gerald Merrill ¶ 3.) The grievance policy applies to "any policy, procedure, practice, condition of confinement, action, decision or event" that directly affects a prisoner. (Id. ¶ 3 and attached Policy 29.1, Procedure A(1).) The grievance procedure allows for an initial investigation of the prisoner's grievance by the facility's grievance officer with subsequent appeals to the facility's chief administrative officer and the Commissioner of the Department of Corrections. (Policy 29.1, Procedures B, C, D and E.) Since September, 2011, there is no record that Landry filed a grievance concerning the September 6, 2011, assault incident or the prison's policy with regard to padlocks. (Aff. of Wendell Atkinson ¶ 3.) There is no record that Landry filed any third-level grievance appeal in the Commissioner's office since September 2011. (Aff. of Kelene Barrows ¶ 4.)

**Legal Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant[s are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). I draw all reasonable inferences in favor of Landry, but where he bears the burden of proof, he "'must present definite, competent evidence' from which a reasonable jury could find in [his] favor."

United States v. Union Bank For Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)). Landry has not presented any evidence in defense of the motion for summary judgment. However, this Court may not automatically grant the motion for summary judgment based on Landry's failure to comply with Local Rule 56. "Rather, the Court must determine whether summary judgment is 'appropriate,' which means that it must assure itself that the moving party's submission shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002) (quoting Fed. R. Civ. P. 56(c) and citing Advisory Committee Note to Rule 56: "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."). This cautionary rule is doubly applicable regarding a motion such as this one, where the burden of proving failure to exhaust administrative remedies rests with the defendants because the failure to exhaust must be proven by them as an affirmative defense. Jones v. Bock, 549 U.S. 199, 211-12 (2007).

## Discussion

The Prison Litigation Reform Act states:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement applies to claims regarding prison conditions, including claims that corrections officers used excessive force. Cruz-Berios v. Gonzalez-Rosario, 630 F. 3d 7, 11 (1st Cir. 2010) (citing Porter v. Nussle, 534 U.S. 516, 532 (2002)). If Landry failed to exhaust available administrative remedies, that failure can be dispositive of his

claims in the case. Id. at 16. There is no reason to believe that the requirement would not extend to a claim that prison policy promoted a dangerous condition that led to an assault by a fellow inmate. In Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31 (1st Cir. 2002), the First Circuit upheld dismissal of a prisoner's claims arising out of an assault by other inmates because of the prisoner's failure to exhaust available administrative remedies. The court noted that it was "undisputed" that the inmate's claim was "an action with respect to prison conditions" under the PLRA. Id. at 34. Exhaustion, in the context of the PLRA, means more than simply ignoring the agency's procedural rules and thereby bypassing the administrative machinery and proceeding directly to court, and Landry has presented no evidence that he took any steps to avail himself of the available grievance procedures. Woodford v. Ngo, 548 U.S. 81, 84-85 (2006). The summary judgment record conclusively establishes that Landry did not avail himself at all of the administrative grievance process at the prison.

As for the supplemental state-law claim, the Court should dismiss it without prejudice and leave it to state courts to evaluate the applicability of the exhaustion requirement to the Maine Civil Rights Act. Flynn v. City of Boston, 140 F.3d 42, 48 (1st Cir. 1998) (counseling dismissal without prejudice of state law claims when court jurisdiction to consider them is merely pendent and where "few economies" arise from a federal court determination); Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims.").

**Conclusion**

Based upon the foregoing, I recommend that the Court grant the defendants' motion as to Count I and as to Count II. I recommend that the federal claim in Count I be dismissed with prejudice and that the state-law claim in Count II be dismissed without prejudice.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated: April 18, 2012                                    /s/ Margaret J. Kravchuk
                                                          U.S. Magistrate Judge